**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL CASE NO. 10-29-DLB-CJS-3

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                           **REPORT AND RECOMMENDATION**

ROBERT DONALD BANCROFT                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On December 14, 2017, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Report that Robert Donald Bancroft had violated conditions of his supervised release. Defendant was present in Court and represented by court-appointed counsel Frank Mungo, and the Government was represented by Supervisory Assistant United States Attorney Robert K. McBride. U.S. Probation Officer Stacey Suter was also present for this proceeding.

Upon call of this matter at the December 14 Final Revocation Hearing, counsel informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to Violations 3 and 4 as alleged in the December 13, 2017 Supplemental Violation Report (R. 133). In exchange, the Government agreed to move to dismiss Violations 1 and 2 as alleged in the December 1, 2017 Violation Report (R. 129), and to recommend a term of incarceration of 18 months with no new term of supervision to follow. In addition, the parties each agreed to waive the objection period to this Report and Recommendation to the extent the undersigned recommends a sentence consistent with the parties' agreement. Likewise, Defendant agreed to waive his right to allocute provided that the undersigned's recommended sentence

reflects the parties' agreement. (*See* R. 131). Defendant did not waive his right to appeal as part of this agreement.

Upon consideration, the parties' agreement is an appropriate proposed disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that he be sentenced to an 18-month term of imprisonment with no supervision to follow.

## I. PROCEDURAL BACKGROUND

On August 5, 2010, Defendant appeared in U.S. District Court in Covington, Kentucky, before the Honorable David L. Bunning, U.S. District Judge, and pled guilty to conspiracy to distribute explosives without a license in violation of 18 U.S.C. §§ 842(a)(3)(B) and 844(n). (R. 70, R. 97). On November 10, 2010, Judge Bunning entered Judgment, sentencing Defendant to a total term of imprisonment of 57 months with a 3-year term of supervised release to follow. (R. 95, R. 97). On May 30, 2014, Defendant was released from prison to begin his term of supervision through the United States Probation Office in Covington, Kentucky. (R. 114). Thereafter, Defendant was brought before this Court on allegations that he violated the terms of his supervised release by using marijuana and alcohol. (*See* R. 117). After a hearing before the undersigned, and the issuance of a Report and Recommendation (R. 117), the presiding District Judge on April 4, 2016, found Defendant to be in violation of the terms of his supervised release, which was ordered revoked. (R. 118). Defendant was sentenced to a 12-month term of imprisonment, with a 24-month term of supervised release to follow. Defendant was released from custody on March 15, 2017, to commence this new term of supervised release.

On December 1, 2017, Officer Suter petitioned for Defendant to appear before the Court and address alleged violations of his supervision. (R. 123). Summons was issued (R. 125), and Defendant initially appeared on December 11, 2017. (R. 126). The charged violations were

presented to the Court via the Probation Officer's December 1, 2017 Violation Report. (R. 129). The violation charges were reviewed with Mr. Bancroft, the potential penalties were explained, and a final revocation hearing was scheduled. (R. 126). Defendant was then remanded into federal custody. (*Id.*). On December 13, 2017, the U.S. Probation Officer issued a Supplemental Violation Report (R. 133), stating that Mr. Bancroft reported to the U.S. Probation Office in order to submit a urine screen on December 7, 2017, and that the results returned as positive for methamphetamine. Two additional charges, Violations 3 and 4, were presented to the Court in the Supplemental Violation Report based upon these positive results. (*See id.*).

Upon call of the case for the final revocation hearing, the Court first reviewed the December 13, 2017 Supplemental Violation Report (R. 133) with Defendant and confirmed that Mr. Bancroft had an opportunity to review this Supplemental Report with his counsel. The Court then reviewed the additional violation charges with Mr. Bancroft and explained the potential penalties. As noted above, counsel proceeded to inform the Court that the parties had reached an agreement: Mr. Bancroft was prepared to admit to Violations 3 and 4 as set forth in the December 13, 2017 Supplemental Violation Report (R. 133), and in exchange the Government would move to dismiss Violations 1 and 2 as set forth in the December 1, 2017 Violation Report (R. 129). The parties further agreed on a recommended sentence of 18 months of incarceration with no new term of supervision to follow.

Upon the parties' announcement that they reached an agreement, the undersigned explained to Defendant that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to

the alleged violations as agreed by the parties. Specifically, Mr. Bancroft admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

**Violation No. 3:** The defendant shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician. (Grade C violation)

A urine specimen collected on December 7, 2017, was reported by the laboratory as positive for methamphetamine. At final hearing, Defendant admitted that the United States could show by a preponderance of evidence that he used methamphetamine during this time period.

**Violation No. 4:** The defendant shall not commit another federal, state, or local crime. (Grade B violation)

Under Sixth Circuit precedent, Defendant's admitted use of methamphetamine also means that he was in possession of this controlled substance. *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Unlawful possession of this controlled substance constitutes conduct which violates 21 U.S.C. § 844(a) and, given Defendant's prior state drug convictions, subjects him to a penalty of not less than 90 days and not more than 3 years in prison, thereby constituting a Grade B violation pursuant to § 7B1.1(a)(2) of the Guidelines. *See id.* Defendant admitted that his use of a controlled substance violated the condition of his supervision requiring him not to engage in new conduct that violates federal law.

Following the Final Revocation Hearing, Defendant was remanded to custody, pending entry of a final judgment as to his supervised release violations. (R. 130). The undersigned is satisfied from the dialogue with the Defendant at the December 14, 2017 Final Revocation Hearing that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily. Based on Defendant's admissions to the violations discussed above, the undersigned finds and will

recommend that the District Judge find that Mr. Bancroft has violated the conditions of his supervised release as charged.

## II. SENTENCING

Defendant having admitted to violating his supervised release, the question of appropriate sanctions is presented. A term of supervision may be revoked after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable Sentencing Guidelines policy statements, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[1] must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of his supervised release of 24 months, his underlying offense being a Class C felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 18-24 months, based upon Defendant's criminal history category of V and his highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release that could be imposed would be 24 months less any term of imprisonment for the current revocation. *See* 18 U.S.C. § 3583(h).

As explained above, the parties have agreed to a recommended sentence of 18 months of incarceration with no new term of supervision to follow. The undersigned agrees that under the

---

[1] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams*, 333 F. App'x 63, 69 (6th Cir. 2009).

5

circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. Probation Officer Suter confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction. The United States indicated that the need for just punishment for the violation as well as respect for the law weighs in favor of incarceration. Because Defendant has already served a 12-month term of incarceration (*see* R. 119) based upon his first violation, which involved similar conduct, a greater term of incarceration is necessary upon his second violation. The United States further indicated that a term of incarceration at the low end of the Sentencing Guidelines range was nonetheless appropriate as Defendant has otherwise cooperated with the Probation Office. The United States further stated that an additional term of supervised release is not appropriate, as the Probation Office has indicated it does not believe further supervision would be of benefit to Defendant. Defense counsel also pointed out that a term of incarceration of 18 months would promote respect for the law and provide Defendant an opportunity to reflect upon his future conduct, but the length of the sentence imposed should be tempered by the fact that Mr. Bancroft struggles with an addiction to controlled substances.

The undersigned agrees with the rationale offered by counsel at the December 14, 2017 Final Revocation Hearing. A term of incarceration is necessary to ensure that just punishment is imposed and to encourage respect for the law. However, a sentence at the lower end of the Sentencing Guidelines range is appropriate as Defendant has accepted responsibility for his conduct, which stems from his underlying addiction to controlled substances. Accordingly, an 18-month term of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider. Moreover, an additional term of supervised release would not serve as a useful expenditure of the Court's resources as the Probation Office has

indicated further supervised release would not be beneficial to Defendant. In summary, the undersigned accepts the parties' proposed term of incarceration with no new term of supervision to follow and will recommend the same to Judge Bunning in this Report and Recommendation.

Finally, Defendant has requested that the Court recommend he be placed at the federal correctional facility located in Manchester, Kentucky. The Court informed Defendant that it cannot require the Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf.

### III. CONCLUSION AND RECOMMENDATIONS

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, he has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1. Defendant **ROBERT DONALD BANCROFT** be found to have **violated** the terms of his supervised release as set forth in Violations 3 and 4 of the December 13, 2017 Supplemental Violation Report (R. 133);

2. Violations 1 and 2 as set forth in the December 1, 2017 Violation Report (R. 129) be **dismissed** based upon oral motion by the United States;

3. Defendant's supervised release be **revoked**;

4. Defendant be sentenced to the custody of the Attorney General for a **term of incarceration of 18 months, credit to be given for time served since his December 11, 2017 detention on the violation charges, with no supervised release to follow**; and

5. Defendant's sentence, if possible, be served at the federal correctional facility located in Manchester, Kentucky.

<u>The Clerk of Court shall forthwith submit this Report and Recommendation to the presiding District Court Judge for consideration</u>, Defendant and the United States having waived the fourteen (14) day period for the filing of objections hereto.

Signed this 20th day of February, 2018.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\10-29 Bancroft R&R.final.docx